UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NANCY D. WOODALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:14-cv-00263-SEB-DKL |
| ) | |
| JO-ANN STORES, INC., ) | |
| TRUSS GREENWOOD IN LLC ) | |
| R. ADAMS ROOFING, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S ORDER
DATED DECEMBER 23, 2014 [DKT. NO. 66]**

On December 23, 2014, the Magistrate Judge entered an order resolving four pending motions in this matter: (1) Defendant Truss Greenwood's Motion for Leave To File Second Amended Answer To Withdraw Non-party Defense [Dkt. No. 52], (2) Plaintiff's Motion for Leave To Join Two Additional Defendants and File Amended Complaint and Jury Demand [Dkt. No. 53], (3) Plaintiff's Motion To Remand Case to State Court [Dkt. No. 54], and (4) Defendant Jo-Ann Stores's Motion for Leave To Amend Answer To Add Non-Party R. Adams Roofing, Inc. [Dkt. No. 56]. The Magistrate Judge granted all of the above-referenced motions. [Dkt. No. 66.]

On January 9, 2015, Defendant Truss Greenwood IN LLC objected to two of the Magistrate Judge's rulings. [Dkt. No. 72.] Defendant Jo-Ann Stores, LLC filed a response to Defendant Truss's objection on January 13, 2014. [Dkt. No. 73.] Plaintiff has neither

objected to the Magistrate Judge's Order nor responded to the filings of the Defendants. For the following reasons, we adopt the Magistrate Judge's Orders and Report and Recommendation.

In her Order at Docket Number 66, the Magistrate Judge issued one ruling as a Report and Recommendation – Plaintiff's Motion To Remand Case to State Court [Dkt. No. 54]. No party objected to the Magistrate Judge's Report and Recommendation that the case should be remanded as a result of the addition of R. Adams as a party.

The Magistrate Judge issued three rulings pursuant to Federal Rule of Civil Procedure 72(a) Nondispositive Matters resolving: (1) Defendant Truss Greenwood's Motion for Leave To File Second Amended Answer To Withdraw Non-party Defense [Dkt. No. 52], (2) Plaintiff's Motion for Leave To Join Two Additional Defendants, etc. [Dkt. No. 53], and (3) Defendant Jo-Ann Stores's Motion for Leave To Amend Answer To Add Non-Party R. Adams Roofing, Inc. [Dkt. No. 56]. Pursuant to Fed. R. Civ. P. 72, the parties may submit timely objections to the Magistrate Judge's nondispositive orders. No party objected to the Magistrate Judge's ruling on Docket No. 52 – Defendant Truss Greenwood's Motion for Leave To File Second Amended Answer To Withdraw Non-party Defense. As a result, the two rulings at issue are the Magistrate Judge's grant of Plaintiff's Motion for Leave To Join Two Additional Defendants [Dkt. No. 53] and Defendant Jo-Ann Stores's Motion for Leave To Amend Answer To Add Non-Party R. Adams Roofing, Inc. [Dkt. No. 56].

"The district court must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "The

clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." We find no mistake here.

**1.      Plaintiff's Motion for Leave To Join Two Additional Defendants [Dkt. No. 53]**

In its original objection to the Motions related to R. Adams [Dkt. Nos. 53, 56], Truss asserted a four-paragraph argument urging the court to deny Plaintiff's motion to add R. Adams as a defendant and focusing its argument entirely on R. Adams's status as an indispensable party such that the court should not join R. Adams and destroy diversity jurisdiction. [Dkt. No. 58 at 5-6 (citing Fed. R. Civ. P. 21, 19).] Now Truss argues that the Magistrate Judge erred when, without balancing the equities, she allowed Plaintiff to join R. Adams as an additional defendant whose inclusion in the case defeats diversity jurisdiction. [Dkt. No. 72 at 2-4 (citing *In re Bridgestone/Firestone, Inc. ATX, ATXII*, 129 F. Supp.2d 1202 (S.D. Ind. 2001)).] Truss's argument is a non-starter because Truss raises it for the first time in its objection to the Magistrate Judge's Order. Truss did not argue in its original briefing that the court must balance the equities before granting Plaintiff's motion to add a non-party defendant as a named defendant.

Arguments not raised before the magistrate judge and raised for the first time in objections filed before the district judge are waived. *Maxwell v. South Bend Work Release Center*, No. 3:09-cv-008-PPS-CAN, 2010 WL 4318800, at *2 (N.D. Ind. Oct. 25, 2010) (citing *U.S. v. Moore*, 375 F.3d 580, 584, n.2 (7th Cir. 2004); *U.S. v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000)). We are aware of no circumstance which hampered Truss from making this argument in its original briefing. All of the motions at issue were pending at

the time of Truss's original objections. Indeed, Truss filed a single response to all of the pending motions. [*See* Dkt. No. 58.] We decline Truss's invitation to consider its balancing of the equities argument that was not made to the Magistrate Judge. [Dkt. No. 72 at 2.] Moreover, Truss's arguments do not demonstrate that the Magistrate Judge's Order was contrary to law.

2. **Defendant Jo-Ann Stores's Motion for Leave To Amend Answer To Add Non-Party R. Adams Roofing, Inc. [Dkt. No. 56]**

Truss raises an objection to the Magistrate Judge's ruling on Defendant Jo-Ann Stores's Motion for Leave To Amend Answer To Add Non-Party R. Adams Roofing, Inc. [Dkt. No. 56]. Truss does not object to the ruling in isolation, but with respect to the Order's effect of allowing Plaintiff to add R. Adams Roofing as a defendant. Again, Truss argues that the Magistrate Judge should have balanced the equities with respect to this issue. [*See* Dkt. No. 72 at 4.] Specifically, Truss argues that:

> Due to the destruction of diversity jurisdiction and the inherent prejudice that attaches when Truss's "significant interest" is thwarted, Jo-Ann's interest in naming R. Adams well after the statutory deadline to do so, is heavily outweighed by the prejudice to Truss. This is especially true when Plaintiff, in possession of the same discovery as Jo-Ann, chose not to affirmatively join R. Adams as a defendant.

[*Id.*] Truss has waived any equity balancing argument by not asserting this position to the Magistrate Judge. Additionally, Truss's arguments do not evidence that the Magistrate Judge's Order is clearly erroneous or contrary to law.[1]

---

[1] We disagree with Defendant Jo-Ann Stores's assessment that the "true issue is whether Jo-Ann Stores (not plaintiff) may identify a non-party which even Truss Greenwood identified belatedly through an amended answer, and which was no surprise to the plaintiff here." [Dkt. No. 73 at 2.] Defendant Truss does not specifically object to the Magistrate Judge's ruling allowing Jo-Ann Stores to amend its answer and name R. Adams as a non-party. [*See generally* Dkt. No.

4

### 3. Conclusion.

Truss's objection that the Magistrate Judge's Order is contrary to law falls short of the mark. Truss's objections to the Magistrate Judge's Order were not included in its arguments made during the original briefing. No party objected to the Magistrate Judge's grant of Defendant Truss Greenwood's Motion for Leave To File Second Amended Answer To Withdraw Non-party Defense [Dkt. No. 52] or Plaintiff's Motion To Remand Case to State Court [Dkt. No. 54]. For the foregoing reasons, Truss's objections to the Magistrate Judge's Order granting Plaintiff's Motion for Leave To Join Two Additional Defendants and File Amended Complaint and Jury Demand [Dkt. No. 53] and Defendant Jo-Ann Stores's Motion for Leave To Amend Answer To Add Non-Party R. Adams Roofing, Inc. [Dkt. No. 56] are OVERRULED and we ADOPT the Magistrate Judge's Order at Docket Number 66 in its entirety.

1/30/2015

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

72.] In any event, because no objections were made to the Magistrate Judge's grant of Jo-Ann Stores's motion to add R. Adams as a nonparty, we adopt that ruling.